UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY ROSE and CATHERINE ROSE, and the marital community composed thereof,<br><br>                Plaintiffs,<br><br>    vs.<br><br>RECONTRUST COMPANY, N.A., a wholly owned subsidiary of Bank of America, N.A., and BAC HOME LOANS SERVICING, LP, a Texas limited partnership,<br><br>                Defendants. | No. CV-10-394-LRS<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

**BEFORE THE COURT** is the Defendants' Motion For Judgment On The Pleadings Pursuant To Fed. R. Civ. P. 12(c). (ECF No. 62). The motion is heard without oral argument.

**BACKGROUND**

Plaintiffs obtained a residential home loan from Countrywide Home Loans and executed a deed of trust securing the subject property on November 21, 2006. Countrywide Home Loans was subsequently acquired by Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP (collectively "BANA"). BANA is the bank servicing the mortgage and ReconTrust Company, N.A. (ReconTrust) is the trustee.

In January 2009, ReconTrust provided Plaintiffs with a "Notice Of

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS -    1**

Default" regarding their residential property and thereafter, commenced a non-judicial foreclosure proceeding regarding that property on behalf of named beneficiary, Mortgage Electronic Registration Systems, Inc. (MERS). On August 25, 2009, Plaintiffs obtained from the Steven County Superior Court an injunction prohibiting ReconTrust "from conducting a trustee sale/auction of Plaintiffs' home while Plaintiffs seek government relief (modification) under the 'Making Home Affordable' program." This relief was obtained under cause number 2009-2-004500 pursuant to the Washington Deed Of Trust Act, RCW 61.24.130.

On or about October 6, 2010, Plaintiffs served the Defendants with a Complaint alleging causes of action under the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*., the Washington Collection Agency Act (WCCA), RCW 19.16.100 *et seq*., the Washington Consumer Protection Act (WCPA), RCW 19.86.10 *et seq*., and the common law theory of outrage. All of these causes of action were premised on Defendants allegedly attempting to foreclose on Plaintiffs' home, notwithstanding the aforementioned injunction. Specifically, the Complaint alleged that in August 2010, ReconTrust mailed to Plaintiffs' home a Notice of Foreclosure and affixed the same to the outside of Plaintiffs' home. The Complaint also alleged that Defendant BAC Home Loan Servicing, L.P., (Bank of America) had refused to respond to Plaintiffs' "Making Home Affordable" application.

It is unclear whether the aforementioned Complaint was ever filed in Stevens County Superior Court. Although it bears the heading of "State of Washington, Stevens County Superior Court," it does not bear a filing stamp or a cause number. (Ex. A to ECF No. 1). Nevertheless, on November 5, 2010, Defendants filed a "Notice of Removal" to federal court on the asserted bases of federal question jurisdiction, 28 U.S.C. §1331, and supplemental jurisdiction, 28 U.S.C. §1367. (ECF No. 1).

**ORDER GRANTING MOTION FOR**
**JUDGMENT ON THE PLEADINGS -    2**

1   On January 5, 2011, Plaintiffs filed in this court a "First Amended
2   Complaint" (ECF No. 6) which appears to be identical to the Complaint
3   previously served on Defendants.
4   On May 23, 2012, this court issued an order allowing Plaintiffs to file a
5   second amended complaint. (ECF No. 35). On June 12, the Plaintiffs filed their
6   second amended complaint, erroneously labeled as a "First Amended
7   Complaint" (ECF No. 38), dropping their federal claims and their outrage claim,
8   and asserting a new claim under Washington's Deed Of Trust Act, RCW 61.24
9   et seq.

**JURISDICTION**

Even if no objection is made to removal or both sides stipulate to federal subject matter jurisdiction, a district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). Absence of federal subject matter jurisdiction can be raised at anytime, even for the first time on appeal. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Defendants' Motion For Judgment On The Pleadings seeks a ruling on the merits of the state law claims pled by Plaintiffs in their second amended complaint.

In their "Notice of Removal" filed on November 5, 2010, Defendants represented as follows:

> To date, Plaintiffs have not filed their Complaint with the Clerk of the Superior Court of Stevens County, Washington (the "State Court Action"). Pursuant to Washington State Court Rules 3(a) and 4, Defendants demanded that Plaintiffs file their Complaint. As of the time of filing this Notice, Defense Counsel's check of the State Court records indicates that Plaintiffs have not yet filed their Complaint. The State Court Action has not yet been assigned a state superior court number.

Although never presented with a copy of a complaint that was actually

**ORDER GRANTING MOTION FOR
JUDGMENT ON THE PLEADINGS -     3**

filed in the Stevens County Superior Court action, this court concludes it has removal jurisdiction. Under Washington State Superior Court Civil Rule 3, "a civil action is commenced by service of a copy of a summons together with a copy of a complaint." Therefore, an action can be brought in a Washington State court before the complaint is actually filed in that court. As such, service of the Complaint on Defendants on October 6, 2010, commenced an action involving federal claims and triggered the 30 day period for Defendants to file a "Notice of Removal" pursuant to 28 U.S.C. Section 1446(b). See *Reed v. Pacific Cycle Inc.*, 2009 WL 5214327 (W.D. Wash. 2009). A federal question existed at the time of removal. Because federal subject matter jurisdiction existed at the time of removal, the fact that Plaintiffs' second amended complaint dropped all federal claims does not deprive this court of supplemental jurisdiction over remaining state law claims pursuant to 28 U.S.C. Section 1367(a). Later changes to the pleadings do not impact removal jurisdiction and the court's exercise of supplemental jurisdiction. *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 n. 2 (11th Cir. 2007).

Because there are no longer any federal claims, this court has discretion to decline exercising supplemental jurisdiction over the remaining state law claims. 28 U.S.C. Section 1367(c). The court will exercise supplemental jurisdiction over these claims because they are neither novel or complex. Furthermore, this matter has been pending in this court for well over two years.

**FED. R. CIV. P. 12(c)**

On Defendants' Rule 12(c) motion, the court must accept all allegations in the Plaintiffs' second amended complaint as true and view them in the light most favorable to the Plaintiffs. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). When reviewing a motion for judgment on the pleadings, the court may consider documents that were either attached to the complaint or on which the

**ORDER GRANTING MOTION FOR
JUDGMENT ON THE PLEADINGS -    4**

complaint necessarily relies. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "A district court will render a judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). "Judgment may only be granted when the pleadings show that it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

The Washington Deed Of Trust Act (DTA) cause of action pled in Plaintiffs' second amended complaint is based on Defendants' attempt to non-judicially foreclose on Plaintiffs' residential property both prior to issuance of the August 2009 Stevens County Superior Court injunction and thereafter. A foreclosure never took place and it is undisputed that no sale of the property is now pending. The Notice of Trustee's sale which was served on Plaintiffs in August 2010 expired by operation of law in January 2010. RCW 61.24.040(6). Plaintiffs' request for injunctive relief related to this attempted foreclosure has been rendered moot.

Moreover, to the extent Plaintiffs seek damages, their cause of action is properly construed as one for wrongful institution of non-judicial foreclosure proceedings and fails as a matter of law per the reasoning set forth in *Vawvter v. Quality Loan Service Corp. of Washington*, 707 F.Supp.2d 1115, 1123-24 (W.D. Wash. 2010), citing *Pfau v. Wash. Mutual, Inc.*, 2009 WL 484448, at *12 (E.D. Wash. Feb. 24, 2009), and *Krienke v. Chase Home Fin., LLC*, 140 Wn.App. 1032, 2007 WL 2713737, at *5 (Wash Ct. App. 2007). More recently, the Washington Court of Appeals in *Grant v. First Horizon Home Loans*, 2012 WL 1920931 (Wash. App. Div. I) again affirmed that, per *Vawter,* the DTA does not authorize a cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale occurs:

**ORDER GRANTING MOTION FOR**
**JUDGMENT ON THE PLEADINGS -      5**

> Grant asks this court to distinguish *Vawter* because it was decided by a federal court that relied to some extent on unpublished decisions by Washington courts. But the *Vawter* court's reference to unpublished decisions does not undermine its reasoning, which is sound and pertinent to this case.

*Id*. at *6.

The court finds nothing in the Washington Supreme Court decisions of *Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d 83, 285 P.2d 34 (2012), and *Klem v. Washington Mutual Bank*, ___ Wn.2d ___, 295 P.3d 1179 (2013), which undermines *Vawter's* holding that the DTA does not authorize a cause of action for damages for the wrongful institution of nonjudicial foreclosure proceedings where no trustee's sale occurs.

Plaintiffs' Washington Consumer Protection Act (WCPA) claim fails as a matter of law to the extent it is based on an alleged violation of the DTA. Wrongful institution of nonjudicial foreclosure proceeding where no trustee's sale occurs is not a violation of the DTA. To the extent the WCPA claim is independent of the DTA claim, it fails as a matter of law because the Plaintiffs do not have standing. Because there has been no wrongful foreclosure, there is no injury traceable to any conduct by Defendants. Therefore, even if Defendants' attempt at nonjudicial foreclosure was "unfair" or "deceptive" in any respect (i.e., attempt to foreclose following issuance of Stevens County injunction; naming MERS as a beneficiary), it did not cause any injury to Plaintiffs' property. *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Plaintiffs cannot establish all five elements of a WCPA claim.

Plaintiffs acknowledge their Washington Collection Agency Act (WCCA) claims are "not appropriate for adjudication in this litigation." Whether or not that amounts to an acknowledgment that Defendants are not "collection agencies" and therefore exempt from the WCCA, this court finds that

**ORDER GRANTING MOTION FOR
JUDGMENT ON THE PLEADINGS -      6**

Defendants are so exempt per RCW 19.16.100(3)(c). Plaintiffs' WCCA claim fails as a matter of law as does its WCPA claim to the extent it is derived from the WCCA claim.

**CONCLUSION**

Defendants' Motion For Judgment On The Pleadings Pursuant To Fed. R. Civ. P. 12(c) (ECF No. 62) is **GRANTED**. Defendants are awarded Judgment on all claims asserted in Plaintiffs' second amended complaint (ECF No. 38).[1]

**IT IS SO ORDERED.** The District Executive shall enter Judgment accordingly and forward copies of the Judgment and this order to counsel of record. This file shall be **CLOSED**.

**DATED** this  18th   of April, 2013.

  /Lonny R. Suko
  LONNY R. SUKO
  United States District Judge

---

[1] The $500 payment which Plaintiffs received from "Paying Agent-Rust Consulting Inc." on April 12, 2013, pursuant to an "Independent Foreclosure Review" (Ex. 1 to ECF No. 67), is of no consequence. The Plaintiffs's state law claims still fail as a matter of law. Indeed, it is noted that information accompanying the payment expressly indicates that "[t]his payment does not mean that you necessarily suffered financial injury or harm."

ORDER GRANTING MOTION FOR
JUDGMENT ON THE PLEADINGS -      7